**KYÄNI, INC.**
JOSHUA K. CHANDLER, ISB #7756
1070 Riverwalk Dr., Ste 350
Idaho Falls, Idaho 83402
Telephone (208) 524-7985
Fax (208) 529-9873
jchandler@kyanicorp.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KYÄNI, INC., an Idaho corporation,<br><br>Plaintiff,<br><br>v.<br><br>MEDICARE SECONDARY PAYER RECOVERY CONTRACTOR (MSPRC); CENTERS FOR MEDICARE AND MEDICAID SERVICES (CMS); UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; PIONEER CREDIT RECOVERY, INC.; AND UNITED STATES OF AMERICA,<br><br>Defendants. | Case No. 4:17-cv-35<br><br>**COMPLAINT** |

COMES NOW Plaintiff, Kyäni, Inc. ("Kyäni"), by and through counsel, and for its claims of relief and causes of action against Defendants, complains and alleges as follows:

**PARTIES**

1. Kyäni is an Idaho corporation with its principal place of business in Idaho located at 1070 Riverwalk Drive, Suite 350, Idaho Falls, Idaho 83402. All of the relevant events described herein took place in Bonneville County, ID.

2. Defendants other than Pioneer Credit Recovery, Inc. ("Pioneer") are agencies of the United States Government. Defendant Pioneer is a collection agency apparently located in Arcade, New York, hired by the other Defendants to collect the non-existent "debt" about which Kyäni complains herein.

## JURISDICTION AND VENUE

3. Kyäni re-alleges and incorporates by reference as though fully set forth herein paragraphs 1 through 2 above.

4. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331. The federal statute at issue is 42 U.S.C. § 1395y.

5. Defendants' misapplication of federal law, as set forth herein, occurred directly or indirectly in Idaho. Pursuant to 28 U.S.C. § 1391(a)(2), venue is proper in the District of Idaho where "a substantial part of the events or omissions giving rise to the claim occurred."

## GENERAL ALLEGATIONS

6. This case concerns a very simple concept under the Medicare Secondary Payer law (42 U.S.C. § 1395y) ("MSP"), which for some reason defendants have failed to grasp and implement. The concept is that the MSP statute makes Medicare "secondary" only to "primary" payers of healthcare costs. It does not create new liability for payment of healthcare costs where none previously existed.

7. The statute could not be clearer on this point. The U.S. government's right to repayment of healthcare costs paid by Medicare extends only to those payments made with respect "to an item or service if it is demonstrated that such primary plan has or had a responsibility to make payment with respect to such item or service." 42 U.S.C. § 1395y(b)(2)(B)(ii).

8. In this case, Defendants have reached well beyond the authority given them by statute and have attempted to impose liability directly on Kyäni, the employer sponsor of a group health plan under which a Medicare beneficiary was apparently covered, rather than seeking payment from the health plan itself. This is in direct contravention of the MSP statute, as set forth above, which requires that a) Kyäni in fact be a "primary plan" as specifically defined by statute in 42 U.S.C. § 1395y(b)(2)(A)(ii); and b) it be "demonstrated" that Kyäni "has or had a responsibility to make payment with respect to such item or service." *Id.*

9. Even though neither of these required conditions has been met, Defendants have continuously asserted Kyäni's liability for medical care costs allegedly paid by Medicare for healthcare services received by Mary Ramirez (Defendants' ID numbers related to the case are Letter ID 8616500055, Case ID 201222408000346) while her husband was employed by Kyäni and she was allegedly covered by the employer-sponsored health plan provided by Coventry Health Care, Inc. ("Coventry").

10. Defendants' position is legally indefensible. A "primary plan" is defined by statute to mean: "a group health plan or large group health plan" or "a workmen's compensation law or plan, an automobile or liability insurance policy or plan (including a self-insured plan) or no fault insurance." 42 U.S.C. § 1395y(b)(2)(A)(ii). "An entity that engages in a business, trade, or profession shall be deemed to have a self-insured plan" only "if it carries its own risk (whether by a failure to obtain insurance, or otherwise) in whole or in part." *Id.*

11. Kyäni is thus *not* a "primary plan" under the statute, because it is not a "group health plan or large group health plan" and because it did not and does not "carr[y] its own risk" or any risk, as to health care costs of its employees. Rather, Kyäni merely provided its employees the opportunity to contract with Coventry to receive health insurance services.

12. Secondly, the statute requires that Defendants "demonstrate" that Kyäni "has or had a responsibility to make payment with respect to" the relevant "item or service." *Id.* Kyäni did not assume direct liability to pay the health care costs of its employees' or their dependents merely by providing its employees the opportunity to contract with Coventry to receive health insurance services. Nor is there any other contractual or legal obligation on the part of Kyäni to pay these costs.

13. Defendants have not only failed to "demonstrate" this liability as required by law, but they have also failed to so much as acknowledge their statutory obligation to do so.

14. On October 21, 2016, undersigned counsel sent to Defendants a letter in response to a demand received by Kyäni for payment of these expenses. The letter clearly enumerated the arguments set forth herein and explained that Kyäni was never primarily liable for payment of healthcare expenses and thus Medicare had no "secondary payer" claim against Kyäni.

15. Defendants rejected this position without making any effort to "demonstrate" or even assert that Kyäni "has or had a responsibility to make payment with respect to" the relevant health care costs. Instead, Defendants simply averred, with no citation to authority, that employers are categorically liable under federal law as "primary payers" regardless of whether or not the employers had any liability for the relevant health care costs in the first instance.[1] Since

[1] This position may be based upon a misinterpretation of 42 CFR 411.24 and 42 CFR 411.21. 42 CFR 411.24(e) states that "CMS has a direct right of action to recover from any primary payer," and 42 CFR 411.21 defines "primary payer" to include "any entity that is or was required or responsible to make payment with respect to an item or service (or any portion thereof) under a primary plan. These entities include, but are not limited to, insurers or self-insurers, third party administrators, and all employers that sponsor or contribute to group health plans or large group health plans." However, 42 CFR 411.24(c) specifically limits recovery to the lesser of "the amount of the Medicare primary payment" or "the full primary payment amount that the primary payer is obligated to pay," so that an employer-sponsor would not be liable in any event if it had no primary liability. Of course, to the extent that Defendants seek through the Code of Federal

then, the federal government Defendants have referred Kyäni's supposed debt to Defendant Pioneer.

## PRAYER FOR RELIEF

WHEREFORE, Kyani prays for relief against Defendants as follows:

1. For an order directing Defendants to cease and desist from any attempts to collect from Kyäni any debts related to Case ID 201222408000346, beneficiary Mary Ramirez;

2. For an declaratory judgment that Kyäni is not liable to Defendants for any sum in connection with Case ID 201222408000346, beneficiary Mary Ramirez;

3. For a declaratory judgment that any interpretation or implementation or action by Defendants that imposes or attempts to impose liability under 42 U.S.C. § 1395y or its related regulations on an employer who did not have a primary, direct obligation to make payment for the relevant medical expenses is *per se* invalid;

4. For an order requiring that Defendants cease and desist from representing to any person that he/she/it is liable as a primary payer under the MSP without first demonstrating the existence of primary liability on the part of the person for the healthcare costs incurred by Defendants;

5. For an order directing Defendants to issue guidance to all contractors and agencies explaining that employers are not liable as "primary payers" under the MSP merely because they "sponsor or contribute to group health plans or large group health plans" unless they also have or had demonstrated, direct, and personal liability for the costs of the medical

---

Regulations to impose liability in excess of that authorized by the underlying statute at 42 U.S.C. § 1395y(b)(2)(B)(ii), the relevant regulation is invalid in any event.

care for which reimbursement is sought;

6. For an order requiring that Defendant reimburse Kyäni for all attorneys' fees and costs which Kyäni incurs in connection with this matter, including costs to prepare and file this complaint.

7. For such other and further relief as the court deems just and appropriate under the circumstances.

Dated this 24th day of January, 2017.

KYÄNI, INC.

/s/ Joshua K. Chandler______________
Joshua K. Chandler